UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL HOLLOWAY, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1244 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

### O R D E R

This matter is now before the Court on Petitioner, Carl Holloway's ("Holloway"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Foster's § 2255 Motion [#1] is DENIED.

### BACKGROUND

On November 7, 2004, Holloway pled guilty in the United States District Court for the Central District of Illinois to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On January 24, 2005, he was sentenced to 51 months' imprisonment by this Court. Holloway did not pursue a direct appeal.

Holloway now brings this § 2255 motion in which he raises essentially six claims: (1) counsel was ineffective at sentencing and failed to file an appeal; (2) he was denied due process when the Government applied prior conviction enhancements without presenting the crimes to a jury; (3) the Sixth Amendment required that a jury determine whether his four prior misdemeanors were related for sentencing purposes under U.S.S.G. 4A1.2; (4) the Court improperly double counted his prior controlled substance conviction, and counsel was ineffective for failing to challenge this double counting; (5) the Court exceeded its authority by determining and assessing prior convictions and thereby inflicting a more

severe punishment; and (6) Booker was wrongly decided. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

I.     Ineffective Assistance of Counsel

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

A.     Failure to File an Appeal

Before addressing the other claims, the Court must first address Holloway's claim that counsel failed to file an appeal despite his requests that an appeal be filed. Pursuant to the guidance of Roe v. Flores-Ortega, 528 U.S. 470, 477, 484 (2000), and Heiss v. United States, 24 Fed.Appx. 599, 601 (7th Cir. 2001), the Court held an evidentiary hearing on this issue on March 30, 2006, during which both Holloway and his former counsel, Karl Bryning ("Attorney Bryning"), both testified. During the hearing, Holloway testified that he told Attorney Bryning that he wanted to appeal while at the counsel table and again at the podium. Attorney Bryning testified that he had no recollection that Holloway ever requested him to file a notice of appeal on his behalf at either the table or podium or at any other time. He further testified that discussions regarding appeals are the kind of thing that he would

have remembered because he takes such matters very seriously and that had he been asked to file a notice of appeal, he definitely would have done so.

Evidence presented during the hearing also established that Holloway made no attempt to communicate with Attorney Bryning for more than five months after the sentencing. When he did communicate by sending two letters in approximately June or July 2005, he asked that counsel send him certain information and documents, but never inquired about or even mentioned the appeal that he purportedly asked counsel to file. The Court finds this lack of even a reference to the alleged appeal to be very significant, as most inmates are quite interested in the status of their appeals. Holloway is no exception to this pattern, as he has demonstrated himself to be a very proficient and prolific communicator, both in this case and his criminal case, where the Court notes that Holloway sent a letter to the Court requesting copies of documents in the record on April 20, 2005, more than a month prior to the time that he first contacted his counsel. Logic would indicate that had Holloway requested counsel to file a notice of appeal, he would at least mentioned or made some attempt to inquire about the status of the appeal in these letters.

The Court must conclude that the weight of the evidence supports a finding that no request to file an appeal was made. There was nothing unusual about Holloway's sentencing, and the record contains no reason or hint of any reason why Attorney Bryning would not have filed a notice of appeal if requested. Furthermore, Holloway had agreed on the record to withdraw his remaining objections at sentencing, so there was really nothing to appeal. The lack of any communication regarding the appeal from a defendant who has shown himself to be a very active participant in his legal proceedings is perhaps the most telling and compels the inference that Holloway did not mention the appeal because he had never asked Attorney Bryning to file any such appeal. Thus, the Court

finds that counsel's performance with respect to the appeal did not fall below an objective standard of reasonableness and does not constitute ineffective assistance.

While the Court concludes that Holloway's claim that his attorney was ineffective for failing to file an appeal is without merit, the Court nevertheless notes that most of this inquiry could have been avoided by the implementation of a standard operating procedure where the attorney asks the defendant for instructions regarding an appeal at the end of the sentencing and then maintains a contemporaneous written record containing the results of that inquiry, such as a file closing sheet, to memorialize whether the request was made or not.

### B.    Failure to Investigate and Make Objections

Holloway also makes the bald argument that counsel failed to investigate his prior conviction records to determine whether the prior misdemeanors were related for sentencing purposes and make appropriate objections to his criminal history calculation at sentencing. It is well-established that "[a]n ineffective assistance claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." United States v. Hodges, 259 F.3d 655, 660 (7th Cir. 2001); Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005) (finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of §2255.)

Holloway's claim is also contradicted by other evidence in the record. Attorney Bryning in fact argued for a downward departure at sentencing based on the counting of the misdemeanor convictions. Attorney Bryning's affidavit indicates that Holloway advised him that each of these misdemeanors occurred on a separate occasion, was not part of a common scheme or plan, and was not consolidated for trial or sentencing. Despite these

admissions, Attorney Bryning nevertheless argued for a downward departure based on an over-representation of Holloway's criminal history score, urging the Court to count these crimes as one group due to the fact that the misdemeanors were committed within a short period of time and received concurrent sentences. While the request for downward departure was ultimately denied, the record refutes the claim that counsel failed to investigate his misdemeanor records.

        C.      <u>Withdrawal of Objections at Sentencing</u>

The next claim of ineffective assistance centers on counsel's withdrawal of two of Holloway's objections at sentencing. These objections concerned the calculations concerning his criminal history and offense level and were predicated on the possibility that the Sentencing Guidelines might be held to be unconstitutional in their entirety and that <u>Almendarez-Torrez v. United States</u>, 523 U.S. 224 (1998), might be overruled. After the Supreme Court issued its decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), just seven days prior to Holloway's sentencing, it was clear that <u>Almendarez-Torrez</u> was still binding precedent and that the objections based on criminal history and offense level were no longer viable, as nothing disturbed the holding in either <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), or <u>Almendarez-Torrez</u> that prior convictions are sentencing factors that need not be charged in the indictment or proven beyond a reasonable doubt.

Attorney Bryning's affidavit indicates that he discussed the withdrawal of these objections with Holloway prior to the hearing and that Holloway concurred in the withdrawal in light of the decision in <u>Booker</u>. Specifically, Attorney Bryning believed that under <u>Booker</u>, his two objections based on criminal history and offense level were no longer well-founded. During the evidentiary hearing, Holloway's new counsel conceded that these objections would have been unfounded had they been pursued at sentencing, and this Court agrees.

Under Apprendi and Almendarez-Torrez, it is well-established that prior convictions need not be charged or proven to a jury beyond a reasonable doubt. This holding has been applied by the Seventh Circuit in United States v. Rosas, 410 F.3d 332, 337 (7th Cir. 2005), United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005), and United States v. Pittman, 418 F.3d 704, 709 (7th Cir. 2005). As Booker did not overrule or present a holding that was in any way inconsistent with any of these precedents, Holloway's objections were without merit. Accordingly, counsel's advice to withdraw meritless objections and failure to argue them did not constitute ineffective assistance. *See* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) (finding that an attorney has no obligation to make a frivolous argument and is in fact barred from doing so by the rules of professional ethics.)

    II.    Denial of Due Process

Holloway next contends that he was denied due process where the Government incorrectly used Almendarez-Torrez to apply enhancements to his offense level and criminal history points without first presenting all crimes to a jury. To the extent that he is actually challenging the application of the Sentencing Guidelines to his sentence, such claims are generally non-cognizable in § 2255 motions. Buggs v. United States, 153 F.3d 439, 443 (7th Cir. 1998); Scott v. United States, 997 F.2d 340, 341-43 (7th Cir. 1993). Moreover, for the reasons set forth above with respect to his ineffective assistance of counsel claim, his assertions that Almendarez-Torrez is inapplicable to his case or that prior convictions must be presented to a jury and proved beyond a reasonable doubt are utterly without merit.[1] Thus, he is entitled to no relief on this claim.

---

[1] To the extent that Holloway argues that Almendarez-Torrez was wrongly decided and urges this Court to overrule that decision, his claim must be rejected as this Court lacks the authority to "overrule" a decision of the United States Supreme Court.

- 7 -

### III.    Sixth Amendment Right re: Prior Misdemeanor Convictions

Holloway's third claim is that his Sixth Amendment rights were violated because a jury did not find that his four prior misdemeanors were not related for purposes of calculating his sentence. Again, he is actually quarreling with an application of the Sentencing Guidelines, and such a claim is not cognizable in this § 2255 proceeding. Scott, 997 F.2d at 341-43; Buggs, 153 F.3d at 443. Moreover, as set forth previously in this Order, precedent simply does not require that prior convictions be presented to a jury and proved beyond a reasonable doubt. As a result, this claim is also without merit.

### IV.    Double Counting and Related Ineffective Assistance

Holloway contends that the Court improperly double counted his prior controlled substance conviction by using the conviction to add both criminal history points and increase his base offense level. This is also a non-cognizable challenge to the application of the Sentencing Guidelines. Additionally, even assuming that the claim were cognizable, the Seventh Circuit has held that the use of a prior controlled substance conviction both as an increase in the offense level and as criminal history points is not impermissible double counting. United States v. Hernandez, 79 F.3d 584 (7th Cir. 1996). His argument is therefore without merit, and his counsel was not ineffective for declining to make a meritless argument. Rezin, 322 F.3d at 446.

### V.    Court Exceeded its Authority

Holloway maintains that the Court exceeded its authority by determining and assessing prior convictions and thereby inflicting a more severe punishment. This is simply another variation of his Sixth Amendment and Due Process arguments, and the Court finds no reason why the same reasoning and result should not necessarily follow. Accordingly, this frivolous claim is rejected, as well.

### VI. Challenge to Booker Decision

Finally, Holloway argues that the Supreme Court's decision in <u>Booker</u> was incorrect and should be overruled. However, the federal judicial system is a hierarchical structure, and this Court clearly lacks jurisdiction to overrule or decline to follow a decision of the United States Supreme Court. Furthermore, the Seventh Circuit has confirmed this Court's interpretation of <u>Booker</u> as it pertains to this case in <u>Rosas</u>, <u>Williams</u>, and <u>Pittman</u>.

### CONCLUSION

For the reasons set forth herein, Holloway's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED. This matter is now terminated.

ENTERED this 11th day of May, 2006.

                                                                                             s/ Michael M. Mihm
                                                                                             Michael M. Mihm
                                                                                             United States District Judge